UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

ALINA VAZQUEZ,
individually and on behalf
of all others similarly
situated,

    Plaintiff,

v.                                     Case No.: 8:17-cv-00116-MSS-MAP

MARRIOTT INTERNATIONAL, INC.,

    Defendant.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

**THIS CAUSE** comes before the Court upon the Parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). (Dkt. 123) The Court has carefully considered the Motion, the proposed Class Action Settlement Agreement and Release ("Settlement Agreement"), the proposed Notices of Settlement, and the declarations submitted in support of the Motion.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Parties' Joint Motion for Preliminary Approval of Class Action Settlement, (Dkt. 123), is **GRANTED**.

2. The Parties' Settlement Agreement, (Dkt. 123-2), is Preliminarily **APPROVED**, subject to further consideration at the Final Approval Hearing after class members have had an opportunity to consider the Settlement Agreement and to object to the Settlement.

3. The Short Form and Long Form Notices of Settlement, attached as Exhibit C and Exhibit D to the Preliminary Approval Motion, (Dkts. 123-3, 123-4), are **APPROVED**.

4. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

5. In this Action, Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA*").*

6. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members and Defendant, and Plaintiff has Article III standing. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

7. The Court finds on a preliminary basis that the terms of the Settlement are fair, reasonable, and adequate. See Fed. R. Civ. P. 23(e). The Court further finds that the Settlement is the result of arm's-length negotiations following contested litigation. The Court's conclusion that the Settlement was fairly negotiated at arm's length is buttressed by the fact that the Settlement was reached after significant litigation, including contested class certification, an appeal of the Court's certification of the class, numerous depositions, and dispositive motion briefing.

8. The Court finds and concludes that the Notices of Settlement, both the Short Form Postcard notice which will be mailed to Settlement Class Members, and the Long Form Notice which will be made available on the Settlement Administrator's website, attached as Exhibit C and Exhibit D to the Preliminary Approval Motion, and the

procedures set forth in the Settlement Agreement for providing notice to the Settlement Class, satisfies the notice requirements of Rule 23, adequately advises Settlement Class Members of their rights under the Settlement Agreement, and meets the requirements of due process. The Notices of Settlement fairly, plainly, accurately, and reasonably provide Settlement Class Members with all required information, including (among other things): (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) a disclosure of the release of claims; (5) instructions as to how to object to the Settlement and a date by which Settlement Class Members must object; (6) the date, time, and location of the Final Approval Hearing; (7) contact information for the Settlement Administrator; (8) the website address for the Settlement website and the toll-free telephone number that class members may call for further information; and (9) the amount that Class Counsel may seek in attorneys' fees and expenses, as well as the proposed Class Representative Service Award and costs of administration.

9. The proposed plan for mailing the Short Form Postcard Notice of Settlement by U.S. First Class Mail to the members of the Settlement Class is an appropriate method, reasonably designed to reach those individuals who would be bound by the Settlement. The Short Form Postcard Notice will direct the Settlement Class Members to the Settlement website which will then provide access to additional information, including the Long Form Notice.

10. Any Settlement Class Member who wishes to object to the Settlement must submit a written statement of objection to the Settlement Administrator, postmarked no later than **sixty (60) days** after the Class Notice Date. The statement of objection must

state the case name and number; specify the basis for the objection; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

11. Plaintiff's motion for attorneys' fees and expenses and any class representative service award shall be filed **at least ten (10) days** prior to the Final Approval Hearing.

12. The Final Approval Motion shall be filed **no later than ten (10) days** prior to the date of the Final Approval Hearing. In the Final Approval Motion, Class Counsel shall address any timely submitted objections to the Settlement.

13. The Court will conduct a Final Approval Hearing on February 25, 2020, at 11:00 a.m., in Courtroom 7A, which is **not less than ninety (90) days** from today, to determine whether the Settlement is fair, reasonable, and adequate and if final approval should granted; whether any objections to the Settlement should be overruled; whether Class Counsel's motion for attorneys' fees and expenses should be granted; and whether a class representative service award to the named Plaintiff should be approved.

**DONE AND ORDERED** in Tampa, Florida this 21st day of November, 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person