## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**ALINA VAZQUEZ,**
**individually and on behalf**
**of all others similarly**
**situated,**

     **Plaintiff,**

**v.**                           **Case No.: 8:17-cv-00116-MSS-MAP**

**MARRIOTT INTERNATIONAL, INC.,**

     **Defendant.**

                           /

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

**THIS CAUSE** comes before the Court upon consideration of the Parties' Joint Motion for Final Approval of Class Settlement, (Dkt. 125), and Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, and a Service Award. (Dkt. 126) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** the Parties' Joint Motion for Final Approval of Class Settlement and **GRANTS** Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, and a Service Award, subject to the change in the service award for the named Plaintiff as stipulated at the final approval hearing.

On November 21, 2019, this Court granted preliminary approval to the proposed class action settlement set forth in the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement, (Dkt. 124), which included a copy of the Parties Settlement Agreement. (Dkt. 123-2) The Court provisionally certified the case for settlement

purposes, approved the procedure for giving Class Notice to the Settlement Class Members, and set a final approval hearing to take place on February 25, 2020.

On February 25, 2020, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiff's Complaint on the merits and with prejudice and against all persons or entities who are Settlement Class Members; (3) whether and in what amount to award counsel for the Settlement Class attorneys' fees and costs; and (4) whether and in what amount to award a Service Award to the Named Plaintiff. (See Dkt. 124)

The Court finds that the notice to the Settlement Class substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. As such,

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Parties' Joint Motion for Final Approval of Class Settlement, (Dkt. 125), is **GRANTED**.

2. Plaintiff's Unopposed Motion for Award of Attorneys' Fees, Costs, and a Service Award, (Dkt. 126), is **GRANTED**. Pursuant to Fed. R. Civ. P. 23(h):

   a. Plaintiff's counsel is awarded $83,325.00 in attorneys' fees, which consists of one-third of the gross settlement fund payable pursuant to the terms of the Settlement Agreement, and $20,699.94 in litigation costs, which includes payments to the Settlement Administrator totaling $10,539.76.

   b. The named Plaintiff, Alina Vazquez, is awarded an incentive award of

$10,000.00.

3. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

4. Pursuant to the terms of the Settlement Agreement, the Net Settlement Proceeds, i.e., the amount remaining in the Settlement Account after deduction of any and all amounts approved by the Court for Plaintiff's attorneys' fees and costs, expenses of settlement administration, and any class representative service award, shall be distributed to Settlement Class Members on a pro rata basis in the form of individual settlement checks. Each Settlement Class Member will receive an equal pro rata portion of the Net Settlement Proceeds

5. Any funds remaining in the Settlement Fund after the payments to Settlement Class Members, service award to the Named Plaintiff, attorneys' fees, costs, and litigation expenses (including settlement administration costs shall thereafter be paid as a donation within seven (7) days to the *cy pres* recipient:

**Bay Area Legal Services Inc.**
**1302 N. 19th Street, Suite 400**
**Tampa, Florida 33605-5230**

6. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

7. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment, and finds the Named Plaintiff has Article III standing. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

9. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after significant litigation, including contested class certification, an appeal of the Court's certification of the class, numerous depositions, and dispositive motion briefing. Thus, counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

10. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

11. Without further order of the Court, the Settling Parties may agree to reasonably

necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

12. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

13. The Court maintains jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

14. This case is **ADMINSTRATIVELY CLOSED** pending receipt of a final stipulation of dismissal. The Parties have one hundred and fifty (150) calendar days from the date of this Order to file a stipulation of dismissal or, if appropriate, a motion to reopen the case. After the 150-day period, the dismissal shall be with prejudice without any further notice to the Parties.

15. The **Clerk** is **DIRECTED** to terminate any pending motions in this case.

16. The **Clerk** is further **DIRECTED** to send a copy of this Order to the *cy pres* recipient:

> **Bay Area Legal Services Inc.**
> **1302 N. 19th Street, Suite 400**
> **Tampa, Florida 33605-5230**

**DONE AND ORDERED** in Tampa, Florida this 27th day of February, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person
Bay Area Legal Services Inc.